[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10600
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00280-CV-RH-WCS

INLAND DREDGING COMPANY, L.L.C.,

Plaintiff-Counter-
Defendant-Appellant,

versus

PANAMA CITY PORT AUTHORITY,

Defendant-Counter-
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 2, 2006)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

This is an appeal by a dredging contractor, Inland Dredging Company ("Inland") from a judgment entered in its favor against defendant Panama City Port Authority ("Authority"), which is the owner and operator of an industrial port, after a five day bench trial.[1]

The record demonstrates that the contract provided that Inland dredge specified portions of the port hydraulically and not mechanically. At the conclusion of the trial, the district court dictated detailed findings of facts and conclusions of law. It later memorialized these findings in a written order for entry of judgment filed on September 22, 2005.

We review a district court's construction of a contract *de novo*. *See Am. Cas. Co. v. Etowah Bank*, 288 F.3d 1282, 1285 (11th Cir. 2002). We review a district court's findings of fact under the clearly erroneous standard of review. Fed. R. Civ. P. 52(a); *Thelma C. Raley, Inc. v. Kleppe*, 867 F.2d 1326, 1328 (11th Cir. 1989).

---

[1]In its notice of appeal, Inland asserted that it was also appealing the amended judgment entered by the district court on September 29, 2005; the district court's order denying Inland's motion for new trial or to alter or amend the judgment entered on December 15, 2005; and the district court's order determining entitlement to attorney's fees entered on December 28, 2005. However, because Inland has not challenged these determinations in its appeal brief, we deem argument on them abandoned. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (issues not argued in initial brief are deemed abandoned).

After reviewing the record and reading the parties' briefs, we conclude that the district court's fact findings are supported by substantial, competent evidence, including its findings that Inland hid its intent to file a claim, which ultimately prejudiced the Authority. Moreover, we agree with the district court's determination that our precedents and Florida precedents mandated that Inland's claims for differing site condition damages were barred. *See Marriott Corp. v. Dasta Constr. Co.*, 26 F.3d 1057 (11th Cir. 1994); *Tuttle/White Constructors, Inc. v. State Dep't. of Gen. Servs.*, 371 So. 2d 1096 (Fla. Dist. Ct. App. 1979). Finally, we agree with the district court's finding that Inland was not entitled to any "equitable adjustment" to the contract price.

For the above-stated reasons, we affirm the district court's judgment entered in favor of Inland.[2]

**AFFIRMED.**

---

[2]Inland is the appellant in this case because the judgment the district court entered in its favor was in an amount substantially less than Inland sought.